Law Offices of
Charles A. Thomas, P.L.C.
2921 N. Grand Avenue, Suite 2
Nogales, Arizona 85621
(520) 281-5185
(520) 281-4386 Fax
ct555_99@yahoo.com
Charles A. Thomas
State Bar No. 020942
Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,**<br><br>**Plaintiff,**<br><br>**-vs-**<br><br>**Javier Alejandro Ramos-Velderrain,**<br><br>**Defendant.** | **No. CR-21-03282 SHR-1**<br><br>**DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE** |

Defendant, through counsel, respectfully submits his Sentencing Memorandum setting forth the factors that he requests the Court consider in imposing a sentence sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

**1. The Nature and Circumstances of the Offense and the History and Characteristics of the Offender:**

**(A) Nature and Circumstances of Offense.**

On October 13, 2020, Javier Ramos purchased a Barrett .50 caliber rifle from a licensed federal firearms dealer in the Phoenix area. He certified on the federal transfer form that an address on his old Arizona ID card, in Tucson, was his current residence. He was in fact living and attending university in Flagstaff at that time.

**(B) History and Characteristics of Defendant**

Javier has submitted a number of letters from family, co-workers, employers, former teachers, and friends. All speak to his good character. From the photographs, certificates, and report cards, it's clear that Javier was always an excellent student, to the point of over achiever.

-1-

He always had a successful direction to his life. Although he grew up in Mexico, he mastered English in only a few years attending high school in Tucson, to the point that he was accepted to and attended classes at Norther Arizona University. On the date of this offense, and for all relevant conduct, Javier was still only 19 years old.

**2. The Need for the Sentence Imposed To Promote Certain Statutory Objectives**:

**(A) To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.**

The offense is serious, however a just punishment in this case would be a downward variance and a term of probation. Javier has no criminal history and he has performed well on pretrial release, showing him to be an excellent candidate for probation. While probation is not available pursuant to the advisory sentencing Guidelines, probation is available for a Class D felony by statute. The Court may also vary down three levels, for the reasons given herein, and Javier would then be in a probation eligible zone. The Court could accomplish the same end by a time served sentence and supervised release. The Court may prefer probation as it would (1) provide for a longer term of supervision, if deemed necessary (five years versus three for supervised release), and (2) a greater potential punishment if there was a revocation (statutory maximum of five years versus two for revocation of supervised release).

**(B) To afford adequate deterrence to criminal conduct.**

Taking account of Javier's life of achievement to this point, this case is aberrant behavior. He has been deterred. In considering general deterrence, the message any interested member of the public would receive is that these cases are serious, and they are prosecuted.

**(C) To protect the public from further crimes of the defendant.**

There is no indication that Javier has a general criminal disposition. His likelihood to re-offend is exceptionally remote.

**(D) To provide the defendant with needed educational or vocational training,**

-2-

**medical care, or other correctional treatment in the most effective manner.**

There is no indication that incarceration will benefit Javier in any way. He has always been either in school, gainfully employed, or both.

**4. The Need to Avoid Unwarranted Sentencing Disparities.**

There are six related cases noted in the presentence report. Two defendants have already been sentenced and four are scheduled to be sentenced in the next few months. Luis Manuel Bray-Vasquez was the U.S. consular employee who was smuggling all of the firearms into Mexico. He refused to yield and attempted to drive through the port of entry, where he crashed trying to avoid capture. Mr. Bray Vasquez betrayed a position of trust, he placed Customs officers in great danger by his actions, and he received a 46 month sentence.

Javier's case is similar to CR-21-2604,  Shardae Amarie Haynes. Ms. Haynes was the person who delivered the 15 firearms to Luis Manuel Bray at a parking lot in Nogales, where he loaded them into his consular van. Ms. Haynes was also 19 years old at the time, and she had had a rough life to that point. She knew that the boxes she transported and delivered contained firearms destined for Mexico.[1] Ms. Haynes was in Criminal History Category I, her plea agreement allowed for a variance, and her sentencing range was therefore 46-57 months.[2] She received a five year term of probation.

**5. Conclusion**

For the foregoing reasons, Defendant respectfully submits that a term of probation would be sufficient, but not greater than necessary, to satisfy the statutory directives set forth in 18 U.S.C. § 3553(a).

. . .

. .

.

---

[1]     CR-21-2604 Document 31, Defendant's sentencing memorandum.

[2]     CR-21-2604 Document 29, Government's sentencing memorandum.

Respectfully submitted this date: February 6, 2024.

Law Offices of Charles A. Thomas, P.L.C.

*s/ Charles A. Thomas*
Charles A. Thomas
Attorney for Defendant

A copy of the foregoing
delivered/mailed this date:
February 6, 2024

*Via ECF*

Assistant United States Attorney
Serra M. Tsethlikai, Esq.

-4-